STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LAW OFFICES OF K.C. OKOLI, P.C.,                :
on behalf of itself and all others similarly    :
situated,                                       :
                                                :
    Plaintiff,                                 :
                                                :    10 CV 6535 (HB)
        - against -                             :
                                                :    OPINION &
BNB BANK, N.A.,                                 :    ORDER
                                                :
    Defendant.                                 :
-----------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

    Plaintiff in this purported class action claims that it was injured by Defendant's alleged practice of withholding funds deposited by check for a period of time greater than that allowed by law. Plaintiff alleges (1) violations of New York General Business Law section 349 (Count I); (2) fraud (Count II); (3) unjust enrichment (Count III); and (4) conversion (Count IV).

    On July 30, 2009, Plaintiff deposited with Defendant a check from the New York State Department of Taxation and Finance in the amount of $400,000. Defendant provided Plaintiff with a Notice of Delayed Availability that stated that the funds would be available on August 10, 2009 because the check exceeded $5,000. Defendant advised Plaintiff personally that this practice was consistent with its policy. On August 10, 2009, Defendant made the funds available to Plaintiff.

    Plaintiff filed suit in New York State court and claimed damages of $100,000,000. Defendant removed to this Court, and Plaintiff then filed an amended complaint in which it changed the amount of damages claimed to an unspecified amount to be determined. Three motions are now before the Court: Defendant's motion to dismiss, Plaintiff's motion to remand, and Plaintiff's motion for Rule 11 sanctions. Plaintiffs motions are both DENIED, and the motion to dismiss is GRANTED.

**I.   Plaintiff's motion to remand**

    Plaintiff argues that remanded is appropriate because this Court lacks subject matter jurisdiction. This issue must be decided first because if the Court does not have subject matter jurisdiction, it does not have the power to decide Defendant's motion to dismiss. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005).

Jurisdiction in this case is premised on 28 U.S. § 1332(d)(2) which provides federal courts with original jurisdiction over any class action so long as (1) the matter in controversy exceeds $5,000,000, (2) any member of the proposed class resides in a state different from any defendant, and (3) there are more than 100 class members. Plaintiff first argues that the original complaint's claim of $100,000,000 in damages is clearly exaggerated and Defendant cannot show that the actual amount in controversy exceeds $5,000,000. 28 U.S. §§ 1332(d)(2), 1332(d)(4). An amendment subsequent to removal should not be considered in a determination of jurisdiction where the plaintiff seeks merely to deprive the court of jurisdiction by decreasing its claims for damages to defeat the amount in controversy. *See Yong Quin Luo v. Mikel*, 625 F. 3d 772, 776 (2d Cir. 2010). *See also Purple Passion, Inc. v. RCN Telecomm. Servs., Inc.,* 406 F. Supp. 2d 245, 246-47 (S.D.N.Y. 2005) (Lynch, J.) (noting the well-established rule that a district court's removal jurisdiction, once established, is unaffected by post-removal reductions in the amount in controversy). Plaintiff's gamesmanship cannot deprive the Court of jurisdiction.

Plaintiff next asserts that Defendant has not alleged the existence of over 100 class members. This argument fails because Plaintiff itself asserts that there are hundreds of class members. *See* Am. Compl. ¶ 31(a). Plaintiff's objection that Defendant failed to assert the existence of 100 class members in the Notice of Removal poses a procedural challenge. That objection is waived because Plaintiff failed to seek remand within 30 days after removal. *See* 28 U.S.C. § 1447(c). Consequently, federal jurisdiction has been established.

**II.   Defendant's motion to dismiss**

Defendant contends that the time within which it must make funds available is governed by the Electronic Funds Availability Act ("EFAA"), and Plaintiff's claims based on inconsistent state law should be dismissed. The EFAA expressly preempts inconsistent state law. *See* 12 U.S.C. § 4007(b) ("this chapter and regulations prescribed under this chapter shall supersede any provision of the law of any State . . . which is inconsistent with this chapter or such regulations."). "Federal statutes and regulations in the field of check collection and return preempt state laws only if inconsistent, and then only to the extent of the inconsistency." *USAA Inv. Management Co. v. Federal Reserve Bank of Boston*, 906 F. Supp. 770, 776-77 (D. Conn. 1995) (citing 12 U.S.C. § 4007(b) (1989); Regulation CC, 12 C.F.R. § 229.41 (1994)). Thus while the EFAA may not preempt the state laws invoked by Plaintiff as a general rule, the claims in this case are preempted to the extent that they "directly implicate[] the time in which Defendant makes deposited funds available to its customers." *Larin v.*

*Bank of Am., N.A.*, No. 09cv1062 (DMS), 2010 WL 2889111, at *3 (S.D. Cal. July 22, 2010). Because the claims in this case are directly premised on the timing of fund availability, they are inconsistent with the EFAA and must be dismissed as preempted.

It is true that the EFAA may be superseded by state law that requires funds be made available sooner that the EFAA requires. *See* 12 U.S.C.A. § 4007(a); *Larin*, 2010 WL 2889111, at *3 ("The purpose of EFAA is to provide faster availability of deposited funds."). However, Plaintiff has not pursued that argument. In fact, when asked at oral argument, Plaintiff's counsel expressly declined to rely on section 4007(a). Instead, it argues flatly that New York General Business Law § 349 is not preempted at all. However, it cites only cases that find section 349 not preempted by federal banking laws *other than* the EFAA. Those cases may provide guidance where the federal law is silent as to its preemptive effect, but that is not this case. Plaintiff does not challenge Defendant's assertion that the funds were available in the time required by the relevant federal statutory and regulatory framework, nor could it do so with success. *See* 12 U.S.C. § 4002(a)(2); 12 U.S.C. § 4003(b)(1); 12 C.F.R. §§ 229.10–229.13.

Given the express preemption required by section 4007, Plaintiff has raised no "reasonable inference that the defendant is liable for the misconduct alleged," and its claims must be dismissed. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

### III. Plaintiff's motion for Rule 11 sanctions

Plaintiff charges that the Defendant's motion to dismiss is objectively unreasonable and entirely unsupported by the relevant facts and law. The Plaintiff alleges that he informed Defendant by letter dated October 6, 2010 that the claims asserted in Defendant's motion to dismiss are patently frivolous and unsupported by the facts pleaded or the law of preemption. As discussed above, the motion to dismiss is sound and persuasive, and the Rule 11 motion is unfounded.

### CONCLUSION

For the foregoing reasons, the motions for sanctions and to remand are both DENIED, and the motion to dismiss is GRANTED. The Clerk of the Court is instructed to close the matter and remove it from my docket.

SO ORDERED
January 14, 2011
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.